## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| GEICO CORPORATION<br>GOVERNMENT EMPLOYEES INSURANCE COMPANY<br>GEICO GENERAL INSURANCE COMPANY<br>GEICO INDEMNITY COMPANY<br>GEICO CASUALTY COMPANY<br>GEICO ADVANTAGE INSURANCE COMPANY<br>GEICO CHOICE INSURANCE COMPANY<br>GEICO SECURE INSURANCE COMPANY<br>GEICO COUNTY MUTUAL INSURANCE COMPANY,<br><br>       Plaintiffs,<br><br>   v.<br><br>AUTOLIV, INC.<br>AUTOLIV ASP, INC.<br>AUTOLIV B.V. & CO. KG<br>AUTOLIV SAFETY TECHNOLOGY, INC.<br>AUTOLIV JAPAN LTD.<br>HITACHI AUTOMOTIVE SYSTEMS, LTD.<br>LEAR CORPORATION<br>KYUNGSHIN-LEAR SALES AND ENGINEERING, LLC<br>NIPPON SEIKI CO., LTD.<br>N.S. INTERNATIONAL, LTD.<br>NEW SABINA INDUSTRIES, INC.<br>PANASONIC CORPORATION<br>PANASONIC CORPORATION OF NORTH AMERICA<br>T.RAD CO. LTD.<br>T.RAD NORTH AMERICA<br>TRW DEUTSCHLAND HOLDING GMBH<br>ZF TRW AUTOMOTIVE HOLDINGS CORPORATION,<br><br>       Defendants. | Case No. 16-cv-13189<br>Hon. Marianne Battani |

## DEFENDANTS' OPPOSITION TO GEICO'S MOTION FOR LEAVE TO AMEND COMPLAINT

## STATEMENT OF THE ISSUES PRESENTED

1.  Whether GEICO's motion to amend improperly seeks reconsideration of the Court's Opinion and Order Regarding Defendants' Collective Motion To Dismiss Second Amended Complaint ("Dismissal Order") and thus should be denied.

    Answer: Yes.

2.  Whether GEICO's belated attempt at presenting allegations and arguments it could have made earlier in this litigation warrants denial of the motion to amend.

    Answer: Yes.

3.  Whether GEICO disregarded the Dismissal Order to file sixteen separate suits for each of the alleged part-specific conspiracies in *GEICO I*.

    Answer: Yes.

## <u>STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

- *Allstate Ins. Co. v. Glob. Med. Billing, Inc.*, 520 F. App'x 409 (6th Cir. 2013)

- *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453 (6th Cir. 2013)

- *DiPonio Const. Co. v. Int'l Union of Bricklayers & Allied Craftworkers, Local 9*, 739 F. Supp. 2d 986 (E.D. Mich. 2010), *aff'd*, 687 F.3d 744 (6th Cir. 2012)

- *Hawkins v. Gen. Motors Corp.*, No. 08-cv-10280, 2009 WL 1035985 (E.D. Mich. Apr. 17, 2009)

- *Gursky v. Dept. of Corr.*, No. 10-cv-113, 2010 WL 1372382 (W.D. Wis. Mar. 30, 2010)

- Local Rule 7.1(h)

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................ 1

ARGUMENT ................................................................................................................... 2

I.      GEICO'S MOTION TO AMEND ITS DISMISSED COMPLAINT IS AN
IMPROPER AND UNTIMELY MOTION TO RECONSIDER AND SHOULD BE
DENIED........................................................................................................................ 2

      A.     GEICO is improperly trying to reargue issues that the Court already considered
through motion practice and oral argument, and ruled on in its Dismissal Order .. 2

      B.     GEICO's Motion should be denied as an improper and untimely motion for
reconsideration ........................................................................................................ 4

      C.     GEICO could have previously raised, and has now waived, any new arguments it
makes in its Motion.................................................................................................. 7

II.     GEICO'S MOTION ALSO DISREGARDS THE COURT'S DIRECTIVE TO FILE
SIXTEEN SEPARATE ACTIONS ................................................................................ 11

      A.     GEICO ignored the Court's clear directive to commence sixteen separate part-
specific actions....................................................................................................... 11

      B.     GEICO's proposed part-specific complaints are not proper amendments of its
*GEICO I* Complaint ............................................................................................... 12

      C.     GEICO's part-specific complaints should be filed as new actions rather than
"amended" complaints ........................................................................................... 13

CONCLUSION................................................................................................................ 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Glob. Med. Billing, Inc.*,
 520 F. App'x 409 (6th Cir. 2013) ........................................................................8, 9

*Associated General Contractors of California, Inc. v. California State Council of
 Carpenters*,
 459 U.S. 519 (1983).........................................................................................3, 4, 8

*Boclair v. Baldwin*,
 No. 17-cv-1422, 2017 WL 6813694 (N.D. Ill. Apr. 28, 2017)...............................13

*Boriboune v. Berge*,
 No. 04-cv-0015, 2005 WL 256525 (W.D. Wis. Jan. 31, 2005)...............................13

*DiPonio Const. Co. v. Int'l Union of Bricklayers & Allied Craftworkers, Local 9*,
 739 F. Supp. 2d 986 (E.D. Mich. 2010), *aff'd*, 687 F.3d 744 (6th Cir. 2012) .....................6, 7

*Doe v. City of Memphis*,
 No. 2:13-cv-03002-JTF-cgc, 2014 WL 11514980 (W.D. Tenn. Dec. 10, 2014) .....................9

*Drake v. City of Detroit, Michigan*,
 266 F. App'x 444 (6th Cir. 2008) .........................................................................13

*Foman v. Davis*,
 371 U.S. 178 (1962)...............................................................................................9

*Glazer v. Chase Home Fin. LLC*,
 704 F.3d 453 (6th Cir. 2013) ............................................................................9, 10

*Gursky v. Dept. of Corr.*,
 No. 10-cv-113, 2010 WL 1372382 (W.D. Wis. Mar. 30, 2010)...............................13

*Hawkins v. Gen. Motors Corp.*,
 No. 08-cv-10280, 2009 WL 1035985 (E.D. Mich. Apr. 17, 2009) .......................5, 6

*Hiller v. HSBC Fin. Corp.*,
 No. 13-12177, 2014 WL 656258 (E.D. Mich. Feb. 20, 2014)...............................10

*Humphrey v. United States AG Office*,
 279 Fed. App'x 328 (6th Cir. 2008) .......................................................................9

*United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*,
 874 F.3d 905 (6th Cir. 2017) ...............................................................................10

*Jaber v. Wayne State Univ. Bd. of Governors*,
   No. 09-11610, 2011 WL 1625764 (E.D. Mich. Apr. 26, 2011), *aff'd*, 487 F.
   App'x 995 (6th Cir. 2012) ...................................................................................6

*Marion v. Nickels*,
   No. 09-cv-723, 2010 WL 148686 (W.D. Wis. Jan. 14, 2010)................................13

*Memminger v. O'Meara*,
   No. 11-14551, 2012 WL 694282 (E.D. Mich. Mar. 1, 2012) ...................................5

*Smith v. Mount Pleasant Pub. Schs*,
   298 F.Supp.2d 636 (E.D. Mich. 2003).....................................................................7

*Wilson v. Place*,
   No. 2:15-cv-12861, 2016 WL 7473447 (E.D. Mich. Dec. 29, 2016).......................6

**Rules**

Fed. R. Civ. P. 12 ..............................................................................................2, 10

Fed. R. Civ. P. 15 .....................................................................................5, 9, 11, 12

Fed. R. Civ. P. 20 ..........................................................................................12, 13

Local Rule 7.1(h) ............................................................................................5, 6, 7

## **INTRODUCTION**

After considering hundreds of pages of briefing, dozens of exhibits, and a lengthy oral argument, this Court dismissed GEICO's Second Amended Complaint.[1] *See* Opinion and Order Regarding Defendants' Collective Motion To Dismiss Second Amended Complaint, ECF No. 74 (Aug. 30, 2018) ("Dismissal Order"). Now GEICO asks the Court to reconsider that Dismissal Order, camouflaging its request for reconsideration as a motion to "amend" with proposed amended complaints that include claims this Court flatly rejected. And, it seeks to do so in the most procedurally baffling way possible: it asks to "amend" its original sixteen-part complaint by filing and consolidating forty part-specific complaints into the original action. *See* GEICO's Motion for Leave to Amend Complaint, ECF No. 76 (Dec. 20, 2018) ("Motion" or "Mot."). GEICO's motion violates the Court's Dismissal Order, wrongfully seeks reconsideration, and is procedurally improper. For several reasons, any one of which is sufficient standing alone, the Motion should be denied.

In the Dismissal Order, the Court thoroughly analyzed GEICO's claims and did *not* grant leave to amend the federal and state antitrust claims premised on GEICO's capacity as an insurer and equally did *not* grant leave to amend the antitrust claims under the laws of nine "Nexus States." Dismissal Order at 26–28, 63. GEICO's purported attempt to "amend" its Complaint in response to the Court's rulings on these issues presents two major procedural problems: (1) GEICO's Motion is actually an untimely and improper motion for reconsideration; and (2) GEICO previously had the opportunity to raise the new arguments in its Motion and, by failing to do so

---

[1] This was the third complaint GEICO has filed against the "*GEICO I*" Defendants, whose settlements with End-Payor Plaintiffs ("EPPs"), based on complaints filed as early as 2012, were among those first announced in the *Auto Parts* MDL. *See* Complaint, ECF No. 1 (September 2, 2016); Amended Complaint, ECF No. 6 (November 9, 2016); Second Amended Complaint, ECF No. 53 (April 7, 2017).

1

previously, waived such arguments. Furthermore, GEICO's Motion ignores the Court's directive to file sixteen separate part-specific actions.

Defendants address in this opposition the major procedural flaws in GEICO's approach and reserve for future briefing any arguments addressing the merits of GEICO's proposed part-specific complaints, including whether the proposed complaints state claims upon which relief can be granted.[2] Because of GEICO's disregard of the Court's directive to file sixteen separate part-specific complaints, and GEICO's procedurally improper attempt at obtaining untimely reconsideration of whether it can reargue and re-allege claims this Court dismissed, the Court should deny the Motion to Amend and direct GEICO to comply with the directives in the Dismissal Order.

## ARGUMENT

I. **GEICO'S MOTION TO AMEND ITS DISMISSED COMPLAINT IS AN IMPROPER AND UNTIMELY MOTION TO RECONSIDER AND SHOULD BE DENIED**

A. *GEICO is improperly trying to reargue issues that the Court already considered through motion practice and oral argument, and ruled on in its Dismissal Order*

In its Dismissal Order, the Court determined that GEICO: (i) improperly joined sixteen part-specific conspiracy claims in a single suit; (ii) lacks antitrust standing for its federal and state antitrust claims based on its capacity as an insurer; and (iii) inadequately alleged that it has Article III standing under the laws of thirty-two states and the District of Columbia. Dismissal Order at

---

[2] The parties agree that Defendants' Rule 12(b)(6) and other substantive merits arguments should be considered on a fully-briefed motion to dismiss or motion for summary judgment, if and when GEICO files proper part-specific complaints in separate actions. *See* Mot. at 6 ("[T]he merits of a complaint should be considered on a fully briefed motion to dismiss or motion for summary judgment.") (quoting *Max Rack, Inc. v. Hoist Fitness Sys., Inc.*, No. 2:05-cv-784, 2008 WL 11345928, at *3 (S.D. Ohio Jan. 9, 2008)).

94.  The Court did not grant GEICO leave to replead its federal and state antitrust claims in its capacity as an insurer.  Dismissal Order at 11, 15, 18 n.2, 23, 52, 94–95.

GEICO's Motion and proposed part-specific complaints—its fourth attempt at pleading its claims—wholly disregard the Court's ruling and are improper attempts to seek an untimely reconsideration of the Court's Dismissal Order.  GEICO essentially requests the Court to allow it to recraft allegations for claims the Court already dismissed without leave to replead.  In the Dismissal Order, the Court squarely ruled that *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519 (1983) ("*AGC*") applies to GEICO's state antitrust claims, stating that Defendants described the law "without contradiction."  Dismissal Order at 26–28.  The Court dismissed all of GEICO's antitrust claims based upon its status as an insurer.  *Id*.  This Court held, in no uncertain terms, that:

- "Considerations [of antitrust standing] tip the balance decisively" against a finding of antitrust standing in claims arising from Repair Payments (*id*. at 38);

- GEICO's allegations of antitrust standing "necessarily fail to overcome the additional obstacles that stand in the way of GEICO's effort to recover its Reimbursement Payments under antitrust law" (*id*. at 43); and

- GEICO lacks standing to assert antitrust claims arising from "Total Loss Payments [which] are not made in connection with the purchase of auto parts …." (*id*. at 44).

GEICO's belated contention that *AGC* does not apply to all of its state antitrust claims is without merit.  And, as GEICO admits, the arguments it now seeks to make were not previously raised and, thus, have been waived.  Mot. at n.7.

This Court was similarly clear in ruling that "GEICO's antitrust claims under the laws of the so-called "Nexus States" must be dismissed for failure to allege a nexus between Defendants' conduct and intrastate commerce."  Dismissal Order at 63.  This Court then reiterated that GEICO lacks antitrust standing as an insurer to bring "Nexus State" claims because it has not been able to

3

allege "any such purchases of relevant auto parts or vehicles in any of the Nexus States" where its only allegations related to the payment of insurance claims. Dismissal Order at 65–66. GEICO does not provide a compelling reason why it should be permitted to re-litigate issues it already presented and lost before the Court under GEICO's pretense of a motion to amend. Indeed, GEICO should not be so permitted.

### B. *GEICO's Motion should be denied as an improper and untimely motion for reconsideration*

Dissatisfied with the Court's prior Dismissal Order and acknowledging that the Court did not grant GEICO leave to replead on these issues, GEICO nonetheless seeks to "amend" the very Complaint that this Court already dismissed. Regardless of how GEICO labels its motion, GEICO cannot disguise that it is asking the Court to reconsider and set aside its Dismissal Order. Mot. at 4. Such a request for reconsideration styled as a motion "for leave to amend" is procedurally improper, untimely, and without merit.

Throughout its motion "to amend," GEICO repeatedly confronts the portions of the Dismissal Order that are adverse to it and explicitly advocates for the holding to be reconsidered:

- "Although GEICO respectfully believes its SAC sufficiently alleged facts demonstrating antitrust standing, GEICO nevertheless amends to address the Court's concerns, including the Court's state nexus concerns." Mot. at 5.

- "Courts should not apply the *AGC* factors…." *Id*. at 7.

- "GEICO submits the Court should engage in a state-by-state analysis of the *AGC* factors." *Id*. at n.7.

- "GEICO's amended part-specific complaints also clarify and correct several factual assumptions the Court relied upon in finding that GEICO lacked antitrust standing in its role as an insurer." *Id*. at 9.

- "[T]he Court incorrectly stated the repair professionals who receive GEICO's payments for Auto Parts are eligible to recover from the EPP settlement funds." *Id*. at 12.

- "The Court has overlooked that it is GEICO…that is truly incentivized to police the Defendants' conduct." *Id*. at 14.

- "[T]he Court relied heavily on the Tobacco Cases…a situation not at all analogous to GEICO's…." *Id*. at 17.

These arguments, which simply urge reconsideration of the Court's holdings, are not proper grounds to permit leave to amend a complaint pursuant to Federal Rule of Civil Procedure 15. Mot. at 4–5.

The Court must examine the essence of the Motion and construe it as one for reconsideration pursuant to Local Rule 7.1(h), as the relief requested requires the Court to set aside and vacate its prior Dismissal Order.[3] *See Hawkins v. Gen. Motors Corp.*, No. 08-cv-10280, 2009 WL 1035985, at *1 (E.D. Mich. Apr. 17, 2009) (treating plaintiff's "Motion Responding to Opinion and Order of Recommendation to Dismiss Case" as a motion for reconsideration because it addressed "alleged defects" in the court's prior order); *Memminger v. O'Meara*, No. 11-14551, 2012 WL 694282, at *1 (E.D. Mich. Mar. 1, 2012) (construing plaintiff's letter that "disputes the Court's finding" and dismissal as a Motion for Reconsideration pursuant to Local Rule 7.1(h)(2)). As GEICO admits, the Court did not grant GEICO leave to amend to establish antitrust standing in its capacity as an insurer or to allege more fully the details of its purchases in the so-called "Nexus States." Mot. at 4.[4] Accordingly, the Court cannot grant GEICO's motion without vacating its earlier Dismissal Order, which is precisely the remedy that courts have found improper when considering a purported motion for leave to amend. *Hawkins*, 2009 WL 1035985, at *1.

---

[3] Local Rule 7.1(h) sets forth the requirements for a motion for rehearing or reconsideration in the Eastern District of Michigan.

[4] The Court only granted leave for GEICO to file separate suits for each of the alleged part-specific conspiracies, and permitted GEICO the opportunity to address its Article III standing deficiencies. *See* Dismissal Order at 94–95.

5

Yet, GEICO filed its Motion well past the applicable deadline to file a motion for reconsideration and, furthermore, does not and cannot show a "palpable defect by which the court and the parties have been misled" under Local Rule 7.1(h)(3).  *Id*. at *1 (finding motion untimely when filed 15 days after then 10-day deadline had passed).[5]  Under Local Rule 7.1(h)(1), a motion for reconsideration must be filed within 14 days after entry of the judgment or order.  GEICO filed this untimely motion on December 20, 2018, *112* days after the Court's August 30, 2018 Dismissal Order.

In addition to these procedural failures, GEICO's motion to reconsider also should be dismissed under the substantive standard set forth in Local Rule 7.1(h)(3).  All motions for reconsideration must "not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."  Local Rule 7.1(h)(3).  GEICO has shown no such defect in its Motion.  It simply repackages its old claims, evidence and arguments that the Court has already thoroughly considered.  *Hawkins*, 2009 WL 1035985, at *1 (denying motion where plaintiff presented the same arguments and evidence that were considered by the court in plaintiff's original action).  As the rule itself provides, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  *DiPonio Const. Co. v. Int'l Union of Bricklayers & Allied Craftworkers, Local 9*, 739 F. Supp. 2d 986, 1004 (E.D. Mich. 2010), *aff'd*, 687 F.3d 744

---

[5] *See also Wilson v. Place*, No. 2:15-cv-12861, 2016 WL 7473447, at *1 (E.D. Mich. Dec. 29, 2016) (finding motion untimely when filed 60 days after entry of judgment); *Jaber v. Wayne State Univ. Bd. of Governors*, No. 09-11610, 2011 WL 1625764, at *1 (E.D. Mich. Apr. 26, 2011), *aff'd*, 487 F. App'x 995 (6th Cir. 2012) (finding motion for reconsideration untimely when brought more than 14 days after the Court's order).

(6th Cir. 2012) (citing Local Rule 7.1(h)(3)). The Court therefore should decline to grant GEICO's Motion here.

Not only may a party not disguise a motion to amend as a motion for reconsideration, a party may not use a motion for reconsideration to "introduce new legal theories for the first time, to raise legal argumentation which could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion." *Id*. at 1004 (internal citations omitted). To the extent GEICO's motion raises any new arguments, as discussed in Section I.C., *infra*, GEICO has failed to show that those arguments could not have been raised previously. *Id*.; *see also Smith v. Mount Pleasant Pub. Schs*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) ("[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not.").

### C. *GEICO could have previously raised, and has now waived, any new arguments it makes in its Motion*

Notably, most of the allegations and arguments in GEICO's proposed "amended" complaints could have been raised, but were not, in its three prior-filed complaints or in its opposition to Defendants' Motion to Dismiss. In its Motion, GEICO proposes neither new facts nor new law that would even begin to justify allowing it to resurrect claims it has already waived. Permitting amendment now after this Court carefully considered the parties' arguments, issued a well-reasoned 95-page decision, and gave GEICO clear directives as to how it should proceed with separate part-specific cases would be prejudicial to Defendants and inconsistent with this Court's Dismissal Order. It would also undermine basic pleading principles and the Court's ability to manage and efficiently conclude the massive *Auto Parts* litigation.

For example, GEICO waived one of the primary arguments it now makes in support of its Motion.  GEICO now contends that certain states do not apply *AGC*.  Mot. at 7.  But Defendants clearly asserted in their Motion to Dismiss that the relevant states apply the factors set forth in *AGC* to assess a plaintiff's antitrust standing under state law, attached a chart summarizing state law, and cited the Court's decision in *Occupant Safety Systems* applying the *AGC* factors. Defendants' Collective Motion to Dismiss GEICO's Second Amended Complaint, ECF No. 62 (April 14, 2017) at 10–11, n.10 & 11, and Ex. A.  As GEICO concedes in its Motion, GEICO failed to challenge that argument and did not address particular states' application of *AGC*.  Mot. at n.7.  The Court—relying on Defendants' assertion, GEICO's failure to respond, and the Court's prior order in *Fuel Senders*—analyzed GEICO's antitrust standing under *AGC* and agreed with Defendants that GEICO's payments in its role as an insurer were too remote to confer state antitrust standing under the states that were identified.  Dismissal Order at 28 ("Defendants state without contradiction that the same or similar [*AGC*] principles" apply to the state law claims.).  Permitting GEICO to re-litigate that point of law almost two years after Defendants moved to dismiss would run headlong against Sixth Circuit case law that arguments not raised in a response to a motion to dismiss are waived.  *Allstate Ins. Co. v. Glob. Med. Billing, Inc.*, 520 F. App'x 409, 412 (6th Cir. 2013).

The district court in *Allstate*, like this Court, granted the defendant's motion to dismiss based on an undisputed pivotal point: Allstate did not challenge the defendant's assertion that it had been fully reimbursed for the claims at issue, meaning that Allstate lacked standing.  *Id*. at 410.  In a motion for reconsideration, Allstate alleged for the first time that its suit contemplated a second category of claims that would confer standing.  *Id*.  The Sixth Circuit upheld the district

court's dismissal (and denial of the motion for reconsideration), finding that Allstate waived that argument:

> Only after the district court granted the motion to dismiss did Plaintiff argue that its complaint also asserted claims based on payments it made to Defendants on behalf of its own insureds.  Plaintiff's failure to respond to Defendant's attack on its standing and its failure to refute the assertion that it had been fully reimbursed amounts to a waiver of the argument ….

*Id*. at 412; *see also Humphrey v. United States AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008); *Doe v. City of Memphis,* No. 2:13-cv-03002-JTF-cgc, 2014 WL 11514980 (W.D. Tenn. Dec. 10, 2014).  GEICO waived its argument.

Even if GEICO's Motion is evaluated under Rule 15 rather than as a motion for reconsideration, it fares no better.  Rule 15 provides that motions for leave to amend should be freely granted "when justice so requires."  But leave should not be granted where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Sixth Circuit has held that leave to amend is particularly inappropriate after extensive briefing on motions to dismiss.  *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013).

*Glazer* is an apt comparison.  There, the plaintiff objected to a magistrate judge's recommendation of dismissal, and sought leave to amend his complaint to "correct, supplement, and clarify certain factual allegations."  *Id*. at 458.  The motion to amend was premised in part on new evidence in a deposition from a related case, but the court faulted the plaintiff for not timely raising the new evidence and seeking leave to amend.  *Id*.  The Sixth Circuit upheld the district judge's dismissal and denial of leave to amend, affirming the district court's reasoning that it was improper for the plaintiff to test out his pleading and discover what defects the court would find before "seeking to amend them away in response to the magistrate's recommendation."  *Id*.

GEICO's Motion is even less compelling than the request for leave to amend in *Glazer*. GEICO does not contend that any new facts or evidence have come to light since 2017, when GEICO's Second Amended Complaint was filed and Defendants' dismissal motion was briefed and argued. Like the plaintiff in *Glazer*, GEICO argues that its "amended part-specific complaints [] clarify and correct several factual assumptions the Court relied upon in finding that GEICO lacked antitrust standing in its role as an insurer." Mot. at 9. GEICO appears to have used the parties' briefing and the Court's Dismissal Order "to test out [its] pleading and discover defects before seeking to amend them away…." *Glazer*, 704 F.3d at 458. Allowing an amendment would prejudice Defendants who would have "wasted time and expense attacking a hypothetical complaint," just as in *Glazer*. *Id*. Moreover, permitting amendment here would undermine the efforts of this Court to manage the sprawling *Auto Parts* litigation toward a conclusion and "would work against the intent of the Federal Rules of Civil Procedure." *Id*. (internal quotations omitted); *see also United States ex rel. Ibanez v. Bristol-Myers Squibb Co.,* 874 F.3d 905, 918 n.2 (6th Cir. 2017) ("Where parties have fully argued the merits of a 12(b)(6) motion to dismiss and the district court has . . . issued an opinion resolving the motion, it is a stretch to say justice requires granting leave to cure the complaint's deficiencies as identified in the adversarial pleadings and the district court's order[.]"); *Hiller v. HSBC Fin. Corp*., No. 13-12177, 2014 WL 656258, at *3 (E.D. Mich. Feb. 20, 2014) (denying motion for leave to amend where parties had fully briefed motion to dismiss and "new facts could have and should have been alleged in the original complaint").

10

## II.    GEICO'S MOTION ALSO DISREGARDS THE COURT'S DIRECTIVE TO FILE SIXTEEN SEPARATE ACTIONS

### A.    *GEICO ignored the Court's clear directive to commence sixteen separate part-specific actions*

Rather than commencing "sixteen" part-specific suits for each of the sixteen conspiracies alleged in the Complaint as it was directed to do,[6] GEICO instead attached as exhibits to its motion to amend *forty* proposed part-specific complaints covering more than *twice* the number of specific parts included in the Complaint.[7]   This approach plainly does not comport with the Court's direction or Rule 15 and procedurally makes no sense.   One of the flaws with GEICO's Second Amended Complaint was that it combined sixteen separate conspiracies into a single complaint. While it is procedurally improper for GEICO to "amend" its Complaint by asserting new complaints for the sixteen parts at issue in its Complaint, it is even more improper to try to "amend" the Complaint by introducing twenty-six new parts, and adding more than thirty defendant

---

[6] The Court's Dismissal Order states more than thirty times that GEICO's Complaint involves sixteen separate parts and/or part conspiracies.

[7] As noted in the Court's Dismissal Order, GEICO's Complaint included allegations relating to the following sixteen parts: Air Flow Meters, Alternators, ATF Warmers, Automotive Wire Harness Systems, Electronic Throttle Bodies, Fuel Injection Systems, High Intensity Discharge Ballasts, Ignition Coils, Inverters, Motor Generators, Occupant Safety Restraint Systems, Radiators, Starters, Steering Angle Sensors, Switches and Valve Timing Control Devices. Dismissal Order at 2.  Of these sixteen, GEICO elected not to prepare part-specific complaints for Air Flow Sensors and Electronic Throttle Bodies, both of which were folded into the proposed Fuel Injection Systems complaint. Mot. at Ex. 18.  In addition to the sixteen parts from the *GEICO I* litigation, GEICO's December 20, 2018 Motion to Amend includes as exhibits proposed complaints for the following twenty-six *additional* parts, none of which were mentioned in GEICO's Second Amended Complaint: Access Mechanisms, Air Conditioning Systems, Anti-Vibrational Rubber Parts, Automotive Brake Hoses, Automotive Constant Joint Velocity Boot Products, Automotive Hoses, Automotive Lamps, Automotive Steel Tubes, Bearings, Body Sealings, Ceramic Substrates, Electric Powered Steering Assemblies, Exhaust Systems, Fan Motors, Fuel Senders, Heater Control Panels, Instrument Panel Clusters, Interior Trim Products, Power Window Motors, Power Window Switches, Shock Absorbers, Side Door Latches and Minimodules, Spark Plugs, Standard Oxygen Sensors and Air Fuel Ration Sensors, Windshield Washer Systems, and Windshield Wiper Systems.  Mot. at Exs. 1–39.

families, that were never even mentioned in its *GEICO I* Complaint.  Put simply, the additional

twenty-six parts do not belong in the *GEICO I* case at all, but should have been filed as new part-

specific actions, per the Court's instructions.

**B.**    ***GEICO's proposed part-specific complaints are not proper amendments of its GEICO I Complaint***

GEICO's new part-specific complaints do not properly constitute an "amendment" of its

Second Amended Complaint in *GEICO I* at all.  For an amended pleading to relate back to the

original pleading, the Federal Rules of Civil Procedure require that the amendment "assert a claim

or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set

out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  The proposed complaints for the

twenty-six parts not included in GEICO's Second Amended Complaint do not meet this

requirement; GEICO is not seeking to "amend" claims for those parts, but is adding claims arising

from different "conduct, transaction[s], or occurrence[s]" from entirely separate conspiracies

related to separate parts outside of the *GEICO I* Complaint.

GEICO's attempt to add manufacturers of those twenty-six new parts as defendants is also

improper.  Rule 15 plainly states that a new party can be added via amendment only if the

requirements of Rule 15(c)(1)(B) have been met (i.e., that the new claim arises out of the conduct,

transaction, or occurrence set out in the original pleading).  Fed. R. Civ. P. 15(c)(1)(C).  Moreover,

as the Court's Dismissal Order recognizes, Rule 20 allows the joinder of multiple defendants in

one action only if: (a) any right to relief is asserted against all defendants jointly, severally, or,

alternatively, with respect to arising out of the same transactions and occurrences; and (b) any

question of law or fact common to all defendants will arise in the action.  Fed. R. Civ. P. 20(a)(2).

Because the new claims alleged in twenty-six of GEICO's new proposed part-specific complaints

arise out of alleged conduct (i.e., alleged conspiracies) that is different than the conduct alleged in

the Complaint, GEICO cannot now add through an amendment new defendants purportedly involved in that different conduct. *See Gursky v. Dept. of Corr.*, No. 10-cv-113, 2010 WL 1372382, at *1 (W.D. Wis. Mar. 30, 2010) ("Under Rule 20, a plaintiff is prohibited from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit.").

### C.     GEICO's part-specific complaints should be filed as new actions rather than "amended" complaints

Even with respect to the sixteen parts covered in GEICO's Second Amended Complaint, the relief that GEICO seeks is not a proper amendment. A complaint is not amended when it is split into separate lawsuits. *Id.* ("Plaintiff has violated the Federal Rules of Civil Procedure by trying to combine multiple lawsuits into one…."); *see also Boclair v. Baldwin*, No. 17-cv-1422, 2017 WL 6813694, at *1 (N.D. Ill. Apr. 28, 2017) (denying motion for leave to submit multiple complaints under the same case number); *Boriboune v. Berge*, No. 04-cv-0015, 2005 WL 256525, at *1 (W.D. Wis. Jan. 31, 2005) ("If petitioners wish to amend their complaint, they must file a proposed amended complaint that will completely replace the original complaint."). Nothing in the Federal Rules of Civil Procedure permits a plaintiff to have more than one operative complaint in a single case, and GEICO certainly does not cite anything that would permit it to do so. *See Gursky*, 2010 WL 1372382, at *4 ("The Federal Rules of Civil Procedure do not allow multiple complaints in one case; a case may have one operative pleading only.") (citing *Boriboune*, 2005 WL 256525, at *1); *Marion v. Nickels*, No. 09-cv-723, 2010 WL 148686, at *3 (W.D. Wis. Jan. 14, 2010) ("To be clear, plaintiff should file an amended complaint that can *replace* his original complaint ….") (emphasis in original); *see also Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008) (affirming district court decision not to consider claims raised in multiple complaints on grounds that amended complaint supersedes all prior complaints).

The proper approach, and the one directed by this Court, would be for GEICO to file each part-specific complaint as a new and separate action. If it does, GEICO could then move to consolidate its various part-specific suits within *GEICO I*, *II*, and *III*. The defendants in each case would then file responsive pleadings addressing the merits of GEICO's part-specific complaints and, if necessary, GEICO's consolidation requests. In that way, each complaint can stand or fall on its own merits, and the Court can address common issues efficiently across the cases as it has done in the *Auto Parts* MDL. By pursuing an "amendment" process that violates the Court's directives and the Federal Rules of Civil Procedure, GEICO has created a procedural mess and unnecessarily burdened the Court and Defendants. It seemingly is engaged in this tactic to set the stage for an argument that these new complaints should be treated as amendments which "relate back" either to: (1) the date of filing of the original *GEICO I* complaint, even if a defendant was not named in that complaint; or (2) to *GEICO II* or *III*, again, even if a defendant was not named in those complaints. But such an effort to "amend" to include unrelated conspiracy claims involving unrelated products is wholly improper.

The Court should deny GEICO's Motion and require GEICO to file its proposed part-specific complaints as new actions, in compliance with the Court's Dismissal Order and the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court deny GEICO's

motion for leave to amend in its entirety as untimely and procedurally improper, and direct GEICO

to follow the Court's directions as set forth in its August 30, 2018 Dismissal Order.

Dated: February 19, 2019

Respectfully submitted,

*s/ Jeffrey J. Amato*
Jeffrey L. Kessler
Eva W. Cole
Jeffrey J. Amato
Lauren E. Duxstad
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-4685 (Telephone)
(212) 294-4700 (Facsimile)
jkessler@winston.com
ewcole@winston.com
jamato@winston.com
lduxstad@winston.com

Brandon W. Duke
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002
(713) 651-2636 (Telephone)
(713) 651-2700 (Facsimile)
bduke@winston*.com*

*Attorneys for Panasonic Corporation and*
*Panasonic Corporation of North America*

*s/ Meredith Jones Kingsley (with consent)*
Meredith Jones Kingsley
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
(404) 881-7172 (Telephone)
(404) 881-7777 (Facsimile)
meredith.kinglsey@alston.com

15

*Attorney for Autoliv, Inc., Autoliv ASP, Inc., Autoliv B.V. Co. KG, Autoliv Safety Technology, Inc., Autoliv Japan Ltd.*

*s/ Craig Seebald (with consent)*
Craig Seebald
Alden Atkins
Lindsey Vaala
Ryan Will
VINSON & ELKINS LLP
2200 Pennsylvania Ave. NW, Suite 500 West
Washington, DC 20037
(202) 639-6585 (Telephone)
(202) 879-8995 (Facsimile)
cseebald@velaw.com
aatkins@velaw.com
lvaala@velaw.com
rwill@velaw.com

*Attorneys for Hitachi Automotive Systems, Ltd.*

*s/ Andrew S. Marovitz (with consent)*
Andrew S. Marovitz
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606-4637
(312) 701-7116 (Telephone)
(312) 706-8651 (Facsimile)
amarovitz@mayerbrown.com

*Attorney for Lear Corporation*

*s/ Peter M. Falkenstein (with consent)*
Peter M. Falkenstein
JAFFE RAITT HEUER & WEISS, PC
535 W. William Street, Suite 4005
Ann Arbor, MI 48103
(734) 222-4776 (Telephone)
(734) 222-4769 (Facsimile)
pfalkenstein@jaffelaw.com

*Attorney for Kyungshin-Lear Sales & Engineering, LLC*

16

*s/ Peter L. Simmons (with consent)*
Peter L. Simmons
Chelsea P. Azrak
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza
New York, NY 10004
(212) 859-8455 (Telephone)
(212) 859-4000 (Facsimile)
peter.simmons@friedfrank.com
chelsea.azrak@friedfrank.com

Thomas J. Tallerico
BODMAN PLC
201 West Big Beaver Road, Suite 500
Troy, Michigan 48084
(248) 743-6073 (Telephone)
(248) 743-6002 (Facsimile)
TTallerico@bodmanlaw.com

*Attorneys for T.RAD Co., Ltd. and T.RAD*
*North America, Inc.*

*s/ Howard B. Iwrey*
Howard B. Iwrey (P39635)
Cody D. Rockey (P78653)
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700 (Telephone)
(248) 203-0763 (Facsimile)
hiwrey@dykema.com
crockey@dykema.com

*Attorneys for TRW Deutschland Holding*
*GmbH and ZF TRW Automotive Holdings*
*Corp.*

17

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*s/ Jeffrey J. Amato*
Jeffrey J. Amato
WINSTON & STRAWN LLP
